Craig ASMUS, William J. Vasquez; Pacific Telesis Group Management Force Allocation Plan, and/or the Pacific Telesis Group Surplus Management Severance Plan aka MFAP; Phylyss Apel; Gloria Alas; Eldridge Aubrey; James Banks; Areleen Castille; Barbara Clark; John Gary Eidell Jr.; Margaret Emerick; Juanita Evans; Jeffrey E. Fulton; Camille Galyk; Norman Garcia; Gary Guardineer; Kenneth Hornback; Jerome Kahle; Rosalyn Kelsay; Jeannie M. King; Stephen H. Lawyer; Kathy Maltese; Leslie J. Mamuzich; Nancy R. Magdelano; Garvis Martin; Diane McGregor; Louise McKay; Dottie Orcutt; Lucille Overby; Lisa Perla; Carolyn Pollard; Diane Price; Lorene Reed; Patricia Reta; Cora Riddle; Margarita Romero; Marilyn Schmitter; Denise C. Shann; Susan Sollauer; Ronald Stephenson; Kathy M. Strok; Barbara Swanson; James Swenson; Stephen Taylor; Charles Van Buren; Varol Wiederofeft; Carolyn J. Castillo; Michael F. Coyne; Donna Critzer; Diane Dixon; Irene Garcia; James E. Gillard; Emily Higuera; Tony Jones; Lonnie Keces; John Kelley; Patricia L. Kowatsch, Susan Lasken; Paulette Mamuzich; Paulette Mitchell; Frank Nuanez; Patricia Rendon; William J. Vasquez, Plaintiffs–Appellees,

v.

PACIFIC BELL; Pacific Telesis Group, Defendants–Appellants.

No. 97–16236.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 19, 1998.

Decided Oct. 23, 1998.

Before: T.G. NELSON, THOMAS and SILVERMAN, Circuit Judges.

## ORDER

We certify the following question to the Supreme Court of California all as set forth in the attached request:

Once an employer's unilaterally adopted policy—which requires employees to be retained so long as a specified condition does not occur—has become a part of the employment contract, may the employer thereafter unilaterally rescind the policy, even though the specified condition has not occurred?

We stay all further proceedings in the district court and this court pending receipt of the answer to the certified question. If the Supreme Court of California declines certification, we will resolve the issue according to our perception of California law.

The clerk of the court is hereby directed to transmit forthwith, under the official seal of the Ninth Circuit, a copy of this order, the attached Request for Certification, and copies of all briefs and excerpts of record submitted to this court to the Supreme Court of California. This case is withdrawn from submission until further order of the court.

## REQUEST FOR CERTIFICATION DIRECTED TO THE SUPREME COURT OF CALIFORNIA

Pursuant to Rule 29.5 of the California Rules of Court, a panel of the United States Court of Appeals for the Ninth Circuit, before which this appeal is pending, hereby certifies to the Supreme Court of California a question of contract law about which the California appellate courts provide no controlling precedent. The answer to the certified question will be determinative of part of this appeal. We respectfully request that the Supreme Court of California answer the certified question presented below. Our phrasing of the issue should not restrict the Court's consideration of the issue.

### I. Caption of the Case

Pacific Telesis and Pacific Bell are deemed the petitioners in this request because they are appealing the district court's ruling on

this issue. The captions of the case [1] and the names and addresses of counsel are as follows:

Craig ASMUS, William J. Vasquez; Pacific Telesis Group Management Force Allocation Plan, And/Or The Pacific Telesis Group Surplus Management Severance Plan Aka Mfap; Phylyss Apel; Gloria Alas; Eldridge Aubrey; James Banks; Areleen Castille; Barbara Clark; John Gary Eidell Jr.; Margaret Emerick; Juanita Evans; Jeffrey E. Fulton; Camille Galyk; Norman Garcia; Gary Guardineer; Kenneth Hornback; Jerome Kahle; Rosalyn Kelsay; Jeannie M. King; Stephen H. Lawyer; Kathy Maltese; Leslie J. Mamuzich; Nancy R. Magdelano; Garvis Martin; Diane Mcgregor; Louise Mckay; Dottie Orcutt; Lucille Overby; Lisa Perla; Carolyn Pollard; Diane Price; Lorene Reed; Patricia Reta; Cora Riddle; Margarita Romero; Marilyn Schmitter; Denise C. Shann; Susan Sollauer; Ronald Stephenson; Kathy M. Strok; Barbara Swanson; James Swenson; Stephen Taylor; Charles Van Buren; Varol Wiederofeft; Carolyn J. Castillo; Michael F. Coyne; Donna Critzer; Diane Dixon; Irene Garcia; James E. Gillard; Emily Higuera; Tony Jones; Lonnie Keces; John Kelley; Patricia L. Kowatsch, Susan Lasken; Paulette Mamuzich; Paulette Mitchell; Frank Nuanez; Patricia Rendon; William J. Vasquez, *Plaintiffs–appellees,*

v.

PACIFIC BELL; Pacific Telesis Group, *Defendants–Appellants.*

### COUNSEL

H. Tim Hoffman and Arthur Lazear, Hoffman & Lazear, Oakland, California; Mark R. Thierman, Thierman Law Firm, San Francisco, California, for the individual plaintiffs.

---

1. It should be noted that the plaintiffs are the appellants in case number 97–16072, and the

defendants are the appellants in case number 97–16236. Both appeals have been consolidated.

Mary Lu Christie, Pacific Telesis Legal Group, San Francisco, California, for Pacific Telesis and Pacific Bell.

Robert F. Walker, Paul, Hastings, Janofsky & Walker, Santa Monica, California, for the amicus curiae, the California Employment Law Council.

## II. Question of Law to be Answered

Once an employer's unilaterally adopted policy-which requires employees to be retained so long as a specified condition does not occur-has become a part of the employment contract, may the employer thereafter unilaterally rescind the policy, even though the specified condition has not occurred?

## III. Statement of Facts

In 1986, Pacific Bell instituted its Management Employment Security policy ("MES"), which provided:

It will be Pacific Bell's policy to offer all management employees who continue to meet our changing business expectations employment security through reassignment to and retraining for other management positions even if their present jobs are eliminated. This policy will be maintained so long as there is no change that will materially alter Pacific Bell's business plan achievement.

In January of 1990, Pacific Bell notified its managers that industry conditions could force it to discontinue MES. In a letter to managers, its chief executive officer wrote:

[W]e intend to do everything possible to preserve our Management Employment Security policy. However, given the reality of the marketplace, changing demographics of the workforce and the continued need for cost reduction, the prospects for continuing this policy are diminishing-perhaps, even unlikely. We will monitor the situation continuously; if we determine that business conditions no longer allow us to keep this commitment, we will inform you immediately.

On October 1, 1991, Pacific Bell announced that it would cancel MES on April 1, 1992. Also on April 1, 1992, it adopted a program designed to decrease management through voluntary and involuntary terminations. The plaintiffs are 60 former management employees of Pacific Bell who were designated as surplus under the program.[2] All but eight of them signed releases waiving their rights to assert claims stemming from their employment or its termination.

The plaintiffs filed a complaint against Pacific Bell and its parent company, Pacific Telesis, seeking declaratory and injunctive relief, as well as damages, for breach of contract, breach of fiduciary duty, fraud, and violations of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Prior to discovery, the parties filed counter-motions for partial summary judgment. The district court granted summary judgment in favor of the defendants on all claims brought by the 52 appellants who signed releases. We affirmed the district court's decision on these issues.

The district court, however, granted summary judgment on the breach of contract claim in favor of the eight plaintiffs who did not sign releases. It held that Pacific Bell could not cancel its MES policy unless it first demonstrated "a change that will materially alter Pacific Bell's business plan achievement," and the defendants stipulated that they would not present evidence of such a condition. The district court certified the issue of whether Pacific Bell breached MES for an interlocutory appeal to our court.

## IV. The Need for Certification

The parties agree that California law permits employers to implement policies that become binding when accepted by the employees' continued employment. *See, e.g., Scott v. Pacific Gas & Elec.* Co., 11 Cal.4th 454, 46 Cal.Rptr.2d 427, 904 P.2d 834, 839 (1995) (*citing Chinn v. China Nat'l Aviation Corp.,* 138 Cal.App.2d 98, 291 P.2d 91, 92 (1955)). They differ, however, in their interpretation of the following sentence in *Scott:*

---

**2.** As explained above, the plaintiffs are deemed the respondents to this certification request, and the defendants are deemed the petitioners.

"First and fundamentally, employers have the capacity to alter their policies and practices so as not to create unwanted contractual obligations." *Scott*, 46 Cal.Rptr.2d 427, 904 P.2d at 844.

The district court concluded that, even if an employer generally could modify unilaterally a personnel policy that creates a contractual obligation, such a right would be inappropriate where the original employment policy incorporates a term regarding its duration or the circumstances under which rescission is possible. The district judge held that an employer is bound by the duration or conditions for rescission that it established, absent stronger evidence of the employees' assent to the policy modification than their continued employment. The district court thus concluded that Pacific Bell could rescind MES only if there was a "change that will materially alter Pacific Bell's business plan achievement."

The defendants, as well as the amicus, contend that the above statement in *Scott* permits employers to modify unilaterally adopted policies. To determine the method by which employers may do so, the defendants look to holdings of other states' supreme courts that seem to suggest that employers may unilaterally alter policies even if the result decreases employee benefits. *See, e.g., In re Certified Question*, 432 Mich. 438, 443 N.W.2d 112, 113 (1989); *Sadler v. Basin Elec. Power Coop.*, 431 N.W.2d 296 (N.D. 1988). In response, the plaintiffs assert that no California case supports the defendants' position and that the defendants grossly mischaracterize the Supreme Court's decision in *Scott*.

In certifying this issue to us for interlocutory appeal, the district court acknowledged, as we do, a substantial ground for a difference of opinion because California courts have not decided how an employer can cancel or modify unilaterally implemented personnel policies. For this reason we seek certification of the question.

The answer to the certified question will be determinative of the remaining portion of the case pending before this panel. This court agrees to follow the answer provided by the California Supreme Court.

### V. Accompanying Materials

The clerk of this court has been ordered to provide all relevant briefs and excerpts of record with this request and to forward all under the official seal of the Ninth Circuit pursuant to Rule 29.5(c)-(d).